UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
164 SAINT JOHN'S GROUP LLC,

                Plaintiff,

- against -

PEOPLE AND ABANDONED PROPERTIES
HOUSE OF WORSHIP,[1]

                Defendant.
-------------------------------------------------------------X

**REMAND ORDER**
24-CV-7733 (NRM)(TAM)

**NINA R. MORRISON, United States District Judge:**

On November 6, 2024, Dillian Edwards Bey, appearing *pro se*, filed this notice seeking to remove a civil proceeding filed on February 4, 2024 in the Civil Court of the State of New York, County of Kings, Landlord and Tenant Part ("Kings Civil Court") under Index No. LT-305769-24. Edwards Bey paid the filing fee. For the reasons set forth below, the action is remanded to the Kings County Civil Court, pursuant to 28 U.S.C. § 1447(c).

## BACKGROUND

The Notice of Removal seeks to remove a holdover eviction proceeding involving premises located at 164 St. Johns Place, Entire Third Floor Apartment, Brooklyn, New York ("the premises") under Index Number LT-305769-24. Notice of Removal, Exhibit A, ECF No. 1, at 10.[2] The Notice attaches the initial pleading in the holdover action, a Residential Holdover Petition dated February 1, 2024 and stamped by the Kings County Civil Court on February 2, 2024. *Id.* at 14. The pleading names Johnni Medina, and Samuel Irizarry, "as Respondents-Tenants and John Doe" and "Jane Doe" as Respondents-Undertenants, noting "[t]he names of the Undertenants, XYZ CORP., John Doe and Jane Doe being fictitious and unknow to Petitioner,

---

[1] The caption in the Notice of Removal does not mirror the caption in the state court proceeding.
[2] The submission comprises multiple exhibits. The Court refers to the pages assigned by the Electronic Case Filing ("ECF") system.

person intended being in possession of the premises described herein." *Id.* The Petition does not name Edwards Bey, nor does it name "People and Abandoned Properties House of Worship." However, the Notice of Removal and several exhibits assert that Edward Bey resides at the premises and that his status as a "Moorish National" entitles him to the ownership of the premises. *Id.* at 1, 3–7, 24–59.

A search of the New York State Courts' publicly accessible website reveals that Index No. 305769-24/KI was commenced on February 4, 2024. *See https://iapps.courts. state.ny.us/webcivilLocal*, (last visited January 6, 2024). Neither the party seeking removal, Edwards Bey, nor the entity named as a defendant in this action, the "People and Abandoned Properties House of Worship" is named as a party in the petition or any other document from the state case, except perhaps under a fictitious name as one of the "John Doe" respondents or XYZ Corporation.

## DISCUSSION

"[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Hum. Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United Sates for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A non-party, or individual claiming to be a real party in interest, has no authority to seek removal under the removal statutes." *In re Appointment of Smith*, No. 11-CV-2405 (RRM), 2011 WL 2008512, at *1 (E.D.N.Y. May 20, 2011); *accord Am. Home Assur. Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296, 298 (S.D.N.Y. 1999).

"[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Com. Workers Union, Loc. 919, AFLCIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). A claim may only be removed to federal court if it could have been filed in federal court at the outset. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998). A court may remand a removed case to state court *sua sponte* if it finds its subject matter jurisdiction lacking. *See* 28 U.S.C. § 1447(c).

The instant Notice of Removal, filed by Edwards Bey, is fraught with problems. To begin, Edwards Bey has not established that he is even a defendant or respondent in the state court action and thus capable of removing it. Not one of the original state court documents provided or publicly available names Edwards Bey as a respondent. Edwards Bey has not identified himself as one of the parties named under a fictitious name. "Simply put, only a named defendant has the statutory authority to remove an action." *Deutsche Bank Nat. Tr. Co. v. Doe*, No. 10-CV-1490 (CSH), 2010 WL 4683923, at *3 (D. Conn. Nov. 4, 2010) (remanding case where a party sought to remove an eviction proceeding to federal court, where the party claimed to be "a/k/a John Doe – Occupant" but was not listed as a defendant in the housing court proceeding). As Edwards Bey is not named as a defendant or a respondent in the Kings County Civil Court action, he cannot remove the action to federal court.

In addition to this barrier, the Notice fails to provide a basis for this Court's subject matter jurisdiction.  Plaintiff references 28 U.S.C. § 1331, ECF No. 1 at 3, but fails to present a federal question; the facts alleged in the Notice suggest only state law claims. Wrongful eviction claims, whether for a temporary or final eviction, are state law claims over which this Court lacks subject matter jurisdiction." *Allied Manor Road LLC v. Berrios*, No. 17-CV-2277 (WFK), 2017 WL 5558650, at *1 (E.D.N.Y. Apr. 20, 2017) (collecting cases); *see also Kheyn v. City of New York*, No. 10-CV-3233 (SLT), 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010)

(collecting cases) (holding that "it is well settled that the landlord-tenant relationship is fundamentally a matter of state law").

To the extent that Edwards Bey asserts that his status as "Moorish National" exempts him from New York laws governing property and/or grants him access to this Court's jurisdiction, he is mistaken. *See, e.g., Smith ex rel. Bey v. Kelly*, No. 12-CV-2319 (JS)(AKT), 2012 WL 1898944, at *2–3 (E.D.N.Y. May 24, 2012) (plaintiff is subject to the jurisdiction of the New York state court and the court's order; "[t]he law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside."); *Gordon v. Deutsche Bank,* No. 11–cv–5090 (WFK), 2011 WL 5325399, at *1 n. 1 (E.D.N.Y. Nov. 3, 2011) (plaintiff's claim that as a Moorish–American he was not subject to eviction held to be without merit); *Bey v. Bailey,* No. 09–cv–8416 (RWS), 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010) (petitioner's claim that he is entitled to ignore the laws of the State of New York by claiming membership in the "Moorish–American" nation **is** without merit and cannot be the basis for habeas relief). Edwards Bey also has not asserted diversity of citizenship; indeed, all parties appear to reside in New York State. Thus, remand is required. *See* 28 U.S.C. § 1447(c).

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Kings County Civil Court proceeding under Docket Number LT-305769-24 is unremovable and hereby remands that action to the Civil Court of the City of New York, County of Kings, Housing Part, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is respectfully directed to strike Edwards Bey's November 6, 2024 unsigned motion to withdraw from the docket,[3] mail a copy of this Order to Edwards Bey, send a certified

---

[3] Edwards Bey was provided notice by Orders dated November 11, 2024 and December 4, 2024, that his failure to submit a signed request to voluntarily dismiss the action would result in the striking of his unsigned request. Fed. R. Civ. P. 11.

4

copy of this Order to the Clerk of the Civil Court of the City of New York, County of Kings and close the case in this Court.

    **SO ORDERED.**

                                                          */s/ Nina R. Morrison*
                                                          NINA R. MORRISON
                                                          United States District Judge

Dated:  January 7, 2025
          Brooklyn, New York